Debra A. **DAVIS, Petitioner,**

v.

**DEPARTMENT OF COMMERCE, Respondent.**

No. 02–3018.

United States Court of Appeals, Federal Circuit.

May 8, 2002.

Before MAYER, Chief Judge, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

Debra A. Davis appeals the decision of the Merit Systems Protection Board (Board) dismissing her appeal from her separation from the Department of Commerce (Commerce) for lack of jurisdiction. For the reasons stated below, this court *affirms*.

## I.

On May 8, 2000, the Department of Commerce hired Ms. Davis for temporary appointment in the excepted service as a Census Bureau Enumerator. Ms. Davis's temporary appointment was not to extend beyond November 4, 2000, and was "subject to satisfactory completion of investiga-tions." Sixteen days later, on May 24, 2000, the Regional Director terminated Ms. Davis's appointment.

On February 1, 2001, Ms. Davis filed an individual right of action (IRA) complaint with the Office of Special Counsel (OSC). The complaint did not disclose any whistle-blowing activities. On February 11, 2001, Ms. Davis appealed her termination to the Board, stating that her termination was a reprisal for her whistleblowing activities. On April 26, 2001, an administrative judge dismissed Ms. Davis's appeal for lack of jurisdiction. The dismissal became the final decision of the Board when the full Board denied Ms. Davis's petition for review on September 6, 2001. Ms. Davis appealed to this court. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

## II.

This court's review of Board decisions is limited by statute. This court must affirm any Board decision not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir. 1998).

## A.

An appeal to the Board is limited to "[a]n employee against whom an action is taken under this section." 5 U.S.C. § 7513(d) (1996). Thus, for the Board to find jurisdiction to hear her appeal, Ms. Davis must show that she was an "employee" within the meaning of 5 U.S.C. § 7511(a)(1).

██ In this case, the Board correctly found that Ms. Davis was not an employee under section 7511(a)(1)(A), (B), or (C). First, Ms. Davis was hired for temporary appointment in the excepted service. Hence, she was not covered by § 7511(a)(1)(A), which defines "employee" as "an individual in the competitive service." 5 U.S.C. § 7511(a)(1)(A) (1996). Second, Ms. Davis's appointment lasted a total of sixteen days. Thus, she did not qualify as "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions" under § 7511(a)(1)(B). Finally, § 7511(a)(1)(C) defines an "employee" as "an individual in the excepted service (other than a preference eligible)— (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." 5 U.S.C. § 7511(a)(1)(C) (1996). Ms. Davis's initial appointment was to a temporary position in the excepted service not convertible to the competitive service, and she completed only sixteen days of Federal service. Hence, Ms. Davis also did not meet this definition of an employee under § 7511(a)(1)(C). Accordingly, the Board correctly held that Ms. Davis was not entitled to appeal to the Board under § 7513.

### B.

The Board has jurisdiction over an IRA appeal when the appellant has established that "(1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2301(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't. of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed.Cir. 2001). In addition, the appellant must have exhausted administrative remedies before the OSC before appealing to the Board. *Id.*

██ The Board correctly held that it did not possess jurisdiction to review Ms. Davis's IRA claim. Before appealing to the Board, an employee must exhaust her administrative remedies before the OSC to allow the OSC the opportunity to take corrective action. *Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed.Cir.1992). To enable the OSC to take corrective action, the employee must inform the OSC of the precise ground of her whistleblowing charge. *Id.* In this case, while Ms. Davis submitted to the OSC an IRA complaint based on whistleblowing, she did not inform the OSC of the precise grounds of the whistleblowing charge. This failure to properly raise the issue in the OSC complaint precludes the Board from exercising jurisdiction over Ms. Davis's appeal.

### III.

In sum, Ms. Davis cannot contest the well-settled law that a person in her position has no appeal rights. Furthermore, Ms. Davis's IRA claim does not provide the Board jurisdiction to hear her appeal. Accordingly, the Board's decision to dismiss Ms. Davis's appeal is not arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence.

*AFFIRMED*